UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENJAMIN KALESA and KATHY KALESA, | : : : | CIVIL NO. **1:05-CV-1168** |
| Plaintiffs | : : | (Magistrate Judge Smyser) |
| v. | : : | |
| BRIDGESTONE/FIRESTONE AMERICAS HOLDING, INC. a/k/a *Bridgestone Americas Holding, Inc.,* BRIDGESTONE/FIRESTONE, INC., BRIDGESTONE/FIRESTONE NORTH AMERICA TIRE, LLC, BRIDGESTONE INDUSTRIAL PRODUCTS AMERICA, INC., BRIDGESTONE (U.S.A.), INC., | : : : : : : : : : : | |
| Defendants | : | |

**MEMORANDUM AND ORDER**

We are addressing the motion of the defendants for summary judgment.

The case was removed to this court from the court of Common Pleas of Cumberland County on June 13, 2005. A complaint had been filed in that court on May 9, 2005. The jurisdiction of the court is based upon 28 U.S.C. § 1332.

The plaintiffs are Benjamin Kalesa and Kathy Kalesa, who reside in Gloversville, New York. The defendants are Bridgestone/Firestone Americas Holding, Inc.,

Bridgestone/Firestone, Inc., Firestone North American Tire, LLC, Bridgestone Industrial Products America, Inc. and Bridgestone (U.S.A.), Inc.  The complaint relates that on or about March 21, 2003, plaintiff Benjamin Kalesa opened the back door of the sealed trailer which he was transporting and that a tire fell out and upon him causing injuries to him.  Counts I, III, V, VII and IX plead claims of negligence on behalf of Benjamin Kalesa and Counts II, IV, VI, VIII and X plead loss of consortium claims on behalf of Kathy Kalesa.  It is alleged that the trailer that plaintiff Benjamin Kalesa was hauling contained products (tires) owned by the defendants and that the defendants had loaded the trailer through their employees, agents or representatives.  They allege that the defendants were responsible for making certain that the load of tires was properly secured, that the defendants caused or permitted an inadequately secured tire to remain as it was although the defendants knew or should have known that the inadequately secured tire could be a hazard to the person operating the trailer, that the defendants failed to make a reasonable inspection of the trailer, that they failed to ensure that the cargo area of the trailer was maintained in a safe condition, failed to warn of an unsafe condition in the trailer and that they failed to remove or to remedy an inadequately secured tire.

The defendants filed an answer to the complaint on June

17, 2005. A case management order, after a conference, established a March 31, 2006 discovery deadline. The defendants filed a motion for summary judgment on February 7, 2006 with a LR 56.1 statement of undisputed material facts, a supporting brief and a body of exhibits. The plaintiff filed a brief in opposition and a LR 56.1 statement of facts on February 24, 2006. A reply brief was filed on February 27, 2006.

The parties have consented pursuant to 28 U.S.C. § 636(c) to have the case go to final disposition with a magistrate judge.

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case."

*Id.* at 325.  Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e).

An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party."  *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law.  *Anderson*, *supra*, 477 U.S. at 248.  In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party.  *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex, supra*, 477 U.S. at 322.  "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of

4

proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

Local Rule 56.1, Rules of Court, M.D. Pa., provides:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.
> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

The statement of material facts of the moving parties, the defendants, states:

1. Plaintiffs allege that defendants negligently loaded and secured tires on a tractor-trailer he drove. (Complaint, Count 1, ¶¶ 10-11).

2. The trailer driven by plaintiff, Benjamin Kalesa, was loaded with tires on March 19, 2003 by an employee

5

>of Tri-State Load Master, Inc. ("Tri-State Load Master") at defendants' distribution center in Breiningsville, Pennsylvania. [See, p. 19 of Randy McKenrick's deposition testimony at Exhibit "A".]
>
>3.  The Owner and President of Tri-State Load Master confirmed that one of his employees named Apolonio loaded the tires into the plaintiff's tractor-trailer. [See, pp. 29-30 of Exhibit "B".]
>
>4.  Tri-State Load Master has been loading the product for the defendants, at the above location, since November 1997. [See, p. 10 of Exhibit "B".]
>
>5.  Pursuant to the contract between Tri-State Load Master and defendants, dated March 15, 2000, in effect at the time of the loading of the product into plaintiff's trailer, Tri-State Load Master was responsible for the loading and unloading of the product in a safe, competent, and workmanlike manner. [See, Agreement for Services attached as Exhibit "C".]
>
>6.  Finally, Tri-State Load Master invoice dated March 19, 2003 demonstrates that Tri-State Load Master loaded defendants' product and billed defendants for the load hauled by the plaintiff in his trailer, namely trailer #93209. [See, June 19, 2003 invoice attached as Exhibit "D".]

Doc. 14.

The defendants argue that the motion for summary judgment should be granted because the plaintiffs have sued the wrong defendants and because, anticipating a plaintiffs' argument, Tri-State Load Master is not a mere instrumentality of the defendants and because, anticipating another plaintiffs' argument, the loading of tires is not a dangerous activity.

The plaintiffs have filed their LR 56.1 statement

6

stating that they do not agree that the trailer hauled by Benjamin Kalesa on March 19, 2003 had been loaded by a Tri-State Load Master employee, but agree that it was loaded at the defendants' distribution center in Breiningsville, Pennsylvania. They agree that Tri-State has been loading the products for the defendants since 1997. The plaintiffs do not agree that the contractor, Tri-State, had the sole responsibility for how the product is loaded, and refer to provisions in the contract between defendants and Tri-State where the defendants have required the contractor to use certain loading methods. The plaintiffs agree that there is evidence that Tri-State submitted an invoice to the defendants for the loading of the trailer hauled by Benjamin Kalesa, but not that that constitutes proof that Tri-State Load Master loaded the defendants' product.

The plaintiffs argue that an inference is possible that the Tri-State Load Master employees who loaded the trailer were borrowed from the defendants at the defendants' warehouse. There is not a basis in the summary judgment evidence for such an inference. This is a speculation. It is not a finding that a reasonable fact finder could make from the evidence.

The plaintiffs emphasize that the defendants had control or the right of control over the Tri-State Load

7

Master personnel who performed the task of loading the tires.

   The summary judgment issue is whether there is evidence from which a reasonable inference can be drawn that the defendants had the responsibility to ascertain the correct and careful loading of the tires in to or on to the trailers.  The defendants do not show that there is no dispute on the basis of the summary judgment evidence as to the defendants' assertion that the responsibility for the methods, practices and procedures used in loading the defendants' tires at the defendants' distribution center had been undertaken by Tri-State Load Master.  The possible inference that while Tri-State Load Master had contractually taken on the physical loading of the tires it had not decided the loading method can not be ruled out.  The defendants assert that it is enough to justify summary judgment for the defendants for the defendants to show that Tri-state Load Master is the right defendant and that the defendants here are the wrong defendants.  The defendants advance as the simple and plain basis for the resolution of the motion that the trailer was "loaded by Tri-State."  The defendants refer to the deposition testimony of Mark Reardon, the Distribution Center Manager, who stated in his testimony that the trailer was loaded by Tri-State Load Master.

8

The Agreement for Service between Bridgestone/Firestone, Inc. and Tri-State Load Master, Inc. addresses tire loading protocol by stating that Tri-State is responsible for securing the tires against pilferage, loss or damage and by stating that the tires are to be loaded in a "lacing" or "stove-pipe" fashion unless otherwise specified by Bridgestone/Firestone.

When a manufacturer and seller of tires has employed a contractor to load the tires from the manufacturer's warehouse on to trailers hauled by truckers to distribution destinations for the tires, and when the manufacturer has retained supervisory control over the work of the contractor operating at the manufacturer's warehouse and directs the contractor to load the tires in a certain way, the fact that the physical performance of the manufacturer's trailer-loading phase of its tire distribution business was performed by the contractor does not as a matter of law negate a finding that the manufacturer was responsible for the negligent loading of the trailer resulting in a loose tire and bodily injury.

We do not have from the plaintiffs a description of the plaintiffs' theory of negligence on the part of the defendants beyond the alternative generalized assertions made in the complaint and summarized above at page 2.  The

9

plaintiffs' brief states merely that Benjamin Kalesa, when he opened the sealed trailer, was suddenly struck by a loose tire that fell from the back of the truck.

It can not be determined on the basis of this summary judgment record that the method(s) of the stacking mandated by defendants is in accord with ordinary care.  Nor can it be determined on this record that the defendants did not specify some loading protocol as to the loading of this truck, as they reserve the control to do, since none of the summary judgment evidence is in the form of a witness' account of the loading of this particular trailer load and since the circumstantial evidence does not lead to only one material inference or to the absence of a dispute as to all material factual issues.

Therefore the motion for summary judgment will be denied.

**IT IS ORDERED** that the defendants' motion for summary judgment is **DENIED**.

> ***/s/ J. Andrew Smyser***
> J. Andrew Smyser
> Magistrate Judge

Dated:  March 13, 2006.

10

11

Case 1:05-cv-01168-JAS   Document 22   Filed 03/13/06   Page 11 of 11