```
              UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BENJAMIN KALESA and            :   CIVIL NO. 1:05-CV-1168
KATHY KALESA,                  :
                               :
        Plaintiffs             :   (Magistrate Judge Smyser)
                               :
     v.                        :
                               :
BRIDGESTONE/FIRESTONE          :
AMERICAS HOLDING, INC.         :
a/k/a Bridgestone Americas     :
Holding, Inc.,                 :
BRIDGESTONE/FIRESTONE, INC.,   :
BRIDGESTONE/FIRESTONE NORTH    :
AMERICA TIRE, LLC,             :
BRIDGESTONE INDUSTRIAL         :
PRODUCTS AMERICA, INC.,        :
BRIDGESTONE (U.S.A.), INC.,    :
                               :
        Defendants             :
```

**MEMORANDUM AND ORDER**

The defendants filed a motion for summary judgment on February 7, 2006 (Doc. 13) with a LR 56.1 statement of material facts that as the moving parties they contended are not in dispute (Doc. 14), as well as a brief in support (Doc. 15) and affidavits and documents (Doc. 16). After the completion of briefing, a Memorandum and Order denying the summary judgment motion was entered. (Doc. 22, Memorandum and Order of March 13, 2006). Without filing another motion for summary judgment or another LR 56.1 statement of facts, the defendants on April 28, 2006 filed "Brief in Support of Defendants' Renewed Motion for Summary Judgment." (Doc. 23). Attached to the brief is the Affidavit of Wade Smith, a transcript of the deposition of

Oscar Cernas, a transcript of the deposition of Apolonio Martinez, a transcript of the deposition of Wade Smith, a transcript of the deposition of Mark Reardon, a transcript of the deposition of Randy McKenrick, a transcript of the deposition of Wayne Baer, a transcript of the deposition of Benjamin Kalesa and a copy of a bill of lading.

The plaintiff filed a brief in opposition (Doc. 24) and the defendants file a reply brief (Doc. 25).

In their brief, the defendants assert that the plaintiff has come forward with no evidence that the method used to load the trailer driven by the plaintiff deviated from ordinary care, that Tri-State Load Master, Inc. loaded the tires into the trailer driven by the plaintiff by a method that is industry practice and common practice, that Tri-State Load Master is an independent contractor who was not controlled by the defendants, that the defendants can not be held liable for negligence on the part of Tri-State Load Master and that the defendants were not the proximate cause fo the plaintiff's injuries because the tires were not loaded by the defendants.

The defendants present the assertion that the Memorandum and Order of March 13, 2006 "indicated the defendants had control over the work of Tri-State Load Master and directs the contractor to load the tires in a certain way", the assertion

2

that "the issue regarding the method of loading tires . . . is not an issue of material fact to preclude summary judgment . . . [because] the method used by Tri-State Load Master to load plaintiff's trailer is industry standard" and because "[p]laintiffs have offered no evidence that this method itself is negligent, . . . that this method of loading tires is substandard or improper, . . . [or] . . . that the accident was caused or would have been prevented had some other tire loading method been selected."

Although a second motion for summary judgment would not be precluded by the rules, we can not find a second motion to have been filed here.  There is no motion, there is no LR 56.1 statement and as a result there is no clear summary judgment theory or theories.

As stated in the Memorandum and Order of March 13, 2006, summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

3

U.S. 317, 323 (1986). The moving party may discharge that burden by "'showing'-- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. Once the moving party has met its burden, the nonmoving party may not rest upon the mere allegations or denials of its pleading; rather, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the non-moving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A material factual dispute is a dispute as to a factual issue that will affect the outcome of the trial under governing law. *Anderson*, *supra*, 477 U.S. at 248. In determining whether an issue of material fact exists, the court must consider all evidence in the light most favorable to the non-moving party. *White v. Westinghouse Electric Co.*, 862 F.2d 56, 59 (3d Cir. 1988).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

4

proof at trial." *Celotex, supra*, 477 U.S. at 322. "Under such circumstances, 'there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Anderson v. CONRAIL*, 297 F.3d 242, 247 (3d Cir. 2002)(quoting *Celotex, supra*, 477 U.S. at 323).

Local Rule 56.1, Rules of Court, M.D. Pa., provides:

> A motion for summary judgment filed pursuant to Fed.R.Civ.P. 56, shall be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried.
> The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts, responding to the numbered paragraphs set forth in the statement required in the foregoing paragraph, as to which it is contended that there exists a genuine issue to be tried.
> Statements of material facts in support of, or in opposition to, a motion shall include references to the parts of the record that support the statements.
> All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

In the March 13, 2006 Memorandum and Order, we stated the summary judgment issue to be "whether there is evidence from which a reasonable inference can be drawn that the defendants had the responsibility to ascertain the correct and careful

5

loading of the trailer." (Doc. 22, p.8). We determined it to be a correct statement of applicable law that "[w]hen a manufacturer and seller of tires has employed a contractor to load the tires from the manufacturer's warehouse on to trailers hauled by truckers to distribution destinations for the tires, and when the manufacturer has retained supervisory control over the work of the contractor operating at the manufacturer's warehouse and directs the contractor to load the tires in a certain way, the fact that the physical performance of the manufacturer's trailer-loading phase of its tire distribution business was performed by the contractor does not as a matter of law negate a finding that the manufacturer was responsible for the negligent loading of the trailer resulting in a loose tire and bodily injury." *Id,* at p. 9.

We concluded in the March 13, 2006 Memorandum and Order that "[i]t can not be determined on the basis of this summary judgment record that the method(s) of the stacking mandated by defendants is in accord with ordinary care. Nor can it be determined on this record that the defendants did not specify some loading protocol as to the loading of this truck, as they reserve the control to do, since none of the summary judgment evidence is in the form of a witness' account of the loading of this particular trailer load and since the circumstantial evidence does not lead to only one material inference or to the absence of a dispute as to all material factual issues."

6

The defendants' current summary judgment arguments, those presented in Doc. 23, ask the court to determine that there is no material factual issue presented as to negligence in the manner of loading tires into a trailer which, when opened by the plaintiff, emitted a loose tire that fell and caused injuries to the plaintiff.

There is a genuine dispute as to whether a tire fell and injured the plaintiff.

The defendants describe a stove pipe method of stacking. It is not in dispute that the tires in the truck were stacked in this manner. It is not in dispute that this is a common industry stacking practice. The summary judgment evidence does not address the self-apparent and inherent factual issue, given the stove pipe stacking and given no evidence of load securing, of how dimensions of the trailer's interior space, side-to-side and front-to-back, corresponded to the cumulative dimensions of the rows of stacked tires. We have closely reviewed the defendants' summary judgment evidence, including that presented with Doc. 23. The defendants' present a depiction of a trailer "loaded from front to back with no additional room for movement of the tires once the tractor's back doors were closed." The "no additional room for movement" concept needs to be considered, for summary judgment purposes, in combination with

7

the fact[1] that a tire moved.  However, we must observe that if the internal length of the trailer front-to-back is slightly less than a multiple of the tire's diameter, this conclusory "no additional room for movement of tires" statement is not necessarily consistent with all reasonable inferences. For example, if the distances between the rear columns of tires and the rear wall of the trailer were nine-tenths of the diameter of a tire, an inadequate space for another column but a lot of space for tire movement, one might reasonably assume that more that trailer walls would be necessary to secure the load.  For summary judgment purposes, it is a given that a tire did fall. Since it seems not unreasonable to infer that border columns stacked in a stove pipe manner would not be stable as a function of gravity alone in a moving and turning vehicle, it would apparently not be an unreasonable inference, assuming *arguendo* any substantial gaps between end side or rear border columns and interior trailer walls, that columns could lean or top tires could fall.  For summary judgment purposes, it is a given that a tire did fall.

   The denial of summary judgment does not, of course, constitute a determination that there was negligence in the loading of the tires into the trailer or that the

---

[1] The plaintiff is entitled for summary judgment purposes to have his position assumed to be true.

responsibility for any negligence was not entirely that of Tri-State Load Master, as an independent contractor.  The denial of summary judgment is based upon a determination that there is not an absence of a genuine, evidence-based dispute as to material factual issues as to the issue of negligence and the involvement of the defendant in any negligence.

There is not a second summary judgment motion on the docket.  There are, on the docket, three additional briefs and some additional evidence.  The briefs referred to a "renewed motion for summary judgment."  In order to ascertain that the record be made clear that there is no outstanding motion, **IT IS ORDERED** that the defendants' are deemed to have filed a second motion for summary judgment and that the defendants' second motion for summary judgment is **DENIED.**

                                    */s/ J. Andrew Smyser*
                                    J. Andrew Smyser
                                    Magistrate Judge

Dated:  June 13, 2006.

9